# KU & MUSSMAN, P.A.
ATTORNEYS AT LAW

18501 Pines Boulevard
Suite 209-A
Pembroke Pines, FL 33029
305 891 1322
305 891 4512 fax

December 23, 2020

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Chambers 704S
Brooklyn, New York 11201

Filed via ECF

Re: *Brown v. G & K Lefferts Associates, LLC*
Case No.: 1:20-cv-05540

## JOINT LETTER

Dear Judge Cogan,

The parties jointly submit this letter in compliance with the Court's Scheduling Order dated November 13, 2020, (D.E. 6) and state as follows:

1. **A brief description of the nature of the action and the principal defenses thereto;**

    **By Plaintiff**: This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), the New York State Human Rights Law, N.Y. Exec. § 296(2)(a) (the "NYSHRL"), and the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., (the "NYCRL"). Plaintiff is disabled and uses a wheelchair for mobility. Defendant, G & K Lefferts Associates, LLC is the owner of the real property and improvements which are the subject of this action, including a Key Food Supermarket generally located at 114-11 Lefferts Blvd., Queens, New York 11420. Plaintiff alleges that he visited the Defendant's Property where he encountered numerous architectural barriers which prevented and hindered his access. Plaintiff seeks an injunction requiring the removal of architectural barriers that he contends are readily achievable to accomplish. Specifically, Plaintiff contends that the property lacks accessible parking, lacks an accessible entrance, has inaccessible payment and service counters, and has inaccessible merchandise aisles. Plaintiff also seeks reimbursement for his fees and

1

costs in bringing this action under the ADA and statutory damages under New York State civil rights laws of $500.00 per violation.

**By Defendant:**

Defendant denies each and every allegation contained in the Complaint. Defendant's principal defenses include: that the changes to the premises sought by Plaintiff are impractical, would fundamentally alter the nature of the premises and the business at the premises that the premises was built and designed prior to the enactment of the ADA, and any proposed changes are not readily achievable.

2. **A brief explanation of why jurisdiction and venue lie in this Court**

This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and has pendant and supplemental jurisdiction over the state law claims that are alleged pursuant to 42 U.S.C. § 1367, et seq. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) due to the situs of the Defendant's property which is located in Queens, New York.

3. **A brief description of all contemplated and/or outstanding motions;**

**By Plaintiff:** None known at this time.

**By Defendant:** None known at this time.

Respectfully submitted,

By:_____
Louis Mussman, Esq.
Ku & Mussman, P.A.
Olivia D. Rosario, Esq.
Local Counsel
*Attorneys for Plaintiff*

Respectfully Submitted,

By:_____
Steven T. Beard, Esq.
Coran Ober P.C.
*Attorneys for Defendant*