# CORAN OBER P.C.

STEVEN BEARD
ASSOCIATE ATTORNEY
SBEARD@CORANOBER.COM

December 24, 2020

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Chambers 704S
Brooklyn, New York 11201

      **Re:**   *Brown v. G & K Lefferts Associates, LLC*
               Case No.: 1:20-cv-05540

Dear Judge Cogan:

Please recall that this office represents Defendant G & K Lefferts Associates, LLC in the above-referenced action. This letter is to supplement Defendant's portion of Section 1 of the Joint Letter filed on behalf of both parties on December 23, 2020 (ECF Docket No. 13), as Ordered by the Court on December 23, 2020.

Defendant G & K Lefferts Associates, LLC ("Defendant") is the owner of the real property located at 114-11 Lefferts Boulevard, South Ozone Park, NY 11420 (the "Premises"). Defendant purchased the Premises on January 10, 1979. The Premises was built in its current form in 1952, and, as indicated in the Certificate of Occupancy dated June 24, 1953, is authorized for use as a supermarket and parking lot on the ground floor. There is also a cellar authorized for use as a storage and boiler room. The premises has continuously used as a supermarket since at least June 3, 1958. The Premises has continuously been leased to supermarket operators and has continuously used as a supermarket through the present date.

As noted above, the Premises was built in its current form in 1952, and has been continuously used as a supermarket since at least 1958. There have been no alterations affecting the usability of the building or facility. The Americans with Disabilities Act provides that discrimination includes the failure to design and construct new facilities "for first occupancy later than 30 months after July 26, 1990" to be accessible and usable by persons with disabilities. *42 U.S.C. § 12183(a)(1)*. The Americans and Disabilities Act also requires alterations after January 26, 1992 affecting the usability of the premises to be usable and accessible to persons with disabilities, with exceptions. According to the regulations implementing the Americans with Disabilities Act:

> "Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. […]For the purposes of this part,

> an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof."

*28 C.F.R. § 36.402(a)-(b)*. See also: *42 U.S.C. § 12183(a)(2)*.

Since the building and facility were built prior to July 26, 1990 and January 26, 1992, with no alterations affecting the use and accessibility of the Premises since the 1950s, the Premised was not required to be constructed to be accessible and usable by persons with disabilities. With respect to the removal of barriers sought by Plaintiff, the proposed changes would not be readily achievable. (see: *28 CFR § 36.304*). First, the supermarket at the Premises was designed with shelving necessary to provide the South Ozone Park community with a full variety of food products and groceries. Plaintiff seeks to more than just the simple removal, installation, and/or repositioning of existing structures, but seeks to force the supermarket to effectively remove entire grocery aisles and seeks to mandate smaller shelving, which would inhibit the supermarket's ability to offer the full range of products currently offered to the South Ozone Park community. Plaintiff acknowledges that there is already a parking space in the parking lot designated for persons with disabilities, and thus the changes sought by Plaintiff are unnecessary surplusage. Lastly, Plaintiff alleges that he was able to enter the supermarket, and thus the current structure is accessible to persons with disabilities. Plaintiff seeks to compel the reconstruction of the supermarket entrances, which, like the other changes ought by Plaintiff, would be costly, require government approvals, and would be time consuming, and thus are also not readily achievable. Lastly, Plaintiff appears to allege that it was able to make a purchase at the supermarket, and thus its statements relating to the payment/cashier aisles do not constitute architectural barriers.

As a result, Defendant has not engaged in discrimination under the Americans with Disabilities Act Since there is no viable claim under the Americans with Disabilities' Act, and since all parties are New York residents, the Court should decline supplemental discrimination over the New York State Human Rights Law and New York City Human Rights Law claims. In the event that it does, such claims should fail for the same reason as the Americans with Disabilities Claim. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n. 1 (2d Cir.2000); *Loeffler v. Staten Island University Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009).

Defendant, along with the supermarket at the Premises, have no record of Plaintiff actually being at the Premises, and thus reserves its right to contest Plaintiff's allegations about its alleged visits to the Premises along with Plaintiff's standing, as Defendant's investigation into this matter along with discovery continues.

Should the Court have any questions or require any additional information, please do not hesitate to contact me.

Very truly yours,

Steven Beard

cc: Ku & Mussman, P.A. (via ECF)

25-02 Francis Lewis Blvd. • Flushing, NY 11358 • Tel (718) 767-1177 • Fax (718) 767-2455